UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY W. MINER,

    Plaintiff,          Case No. 1:21-cv-11192

v.                  Honorable Thomas L. Ludington
                  United States District Judge
OGEMAW COUNTY ROAD COMMISSION
and PATRICK J. REINKE,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR STAY**

In September 2022, the Parties' cross-motions for summary judgment were resolved. In sum, Defendants' motion was denied, Plaintiff's was granted, a declaratory judgment was issued that Defendants have violated Plaintiff's constitutional rights by taking his property without just compensation in violation of the United States Constitution and the Michigan Constitution, and Defendants were enjoined from trespassing onto Plaintiff's property for any purpose without a warrant, an exception to the warrant requirement, or further order of this Court.

Defendants appealed and now seek to stay the case until the appeal is resolved. Because all the relevant factors weigh against a stay, the request will be denied.

**I.**

Plaintiff Larry Miner blocked a drain culvert that was located on and flooding his real property. Defendants unblocked the culvert. Then they went back and forth until the County pursued criminal charges against Plaintiff.

On April 15, 2021, Plaintiff brought an eight-count complaint in the Ogemaw County Circuit Court, alleging: (Count I) violation of the federal Takings Clause under 42 U.S.C. § 1983;

(Count II) violation of the Michigan takings clause, MICH. CONST. of 1963, art. X, § 2 (2006); (Count III) violation of due process under 42 U.S.C. § 1983; (Count IV) conspiracy to interfere with civil rights under 42 U.S.C. § 1983; (Count V) trespass, MICH. COMP. LAWS § 750.552; (Count VI) malicious prosecution, MICH. COMP. LAWS § 600.2907; (Count VII) abuse of process, MICH. COMP. LAWS § 750.369; and (Count VIII) unlawful arrest. ECF No. 1-1 at PageID.5–19; *see also Miner v. Schultz*, No. 21-651788-CZ (Mich. 34th Cir. Ct. 2021). Defendants removed the case to this Court, which exercised federal-question jurisdiction. ECF No. 1.

After a series of stipulations and dismissals, only Counts I, II, III, and V remained against Defendants Ogemaw and Reinke. ECF No. 36; *see* ECF Nos. 18; 28. Ogemaw and Reinke filed a motion to dismiss those four counts, ECF No. 30, and a motion to bar four of Plaintiff's witnesses from testifying, ECF No. 39, which were both denied, *Miner v. Ogemaw Cnty. Rd. Comm'n*, No. 1:21-CV-11192, 2022 WL 957534, at *10 (E.D. Mich. Mar. 29, 2022).

Plaintiff sought summary judgment on Counts I, II, and V. ECF No 47. Defendants sought summary judgment on Counts I, II, III, and V. ECF No. 48.

"To summarize: (1) Counts I and II [were] resolved in Plaintiff's favor as a matter of law. (2) Count V [was] resolved as a matter of law in Plaintiff's favor. (3) Count III ha[d] a jury-triable question of fact as to the culvert's private or public purpose." *Miner v. Ogemaw Cnty. Rd. Comm'n*, No. 1:21-CV-11192, 2022 WL 4017281, at *14 (E.D. Mich. Sept. 2, 2022) (internal citations omitted).

Twenty-seven days later, Defendants appealed. ECF No. 58. Seventy-eight days later, they filed a motion to stay the case pending appeal, ECF No. 63, which Plaintiff opposes, ECF No. 65.

## II.

Four factors govern the stay of a judgment pending appeal:

>    (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>    (2) whether the applicant will be irreparably injured absent a stay;
>    (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>    (4) where the public interest lies.

*Tiger Lily, LLC v. U.S. Dep't of Hous. & Urb. Dev.*, 992 F.3d 518, 522 (6th Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

**A.**

As a threshold matter, Defendants do not argue for a "strong" likelihood of success on appeal—merely that they "are likely to prevail on the merits of their appeal." ECF No. 63-1 at PageID.1537–38 (emphasis omitted). Indeed, Defendants never even mention the word "strong" until they discuss where the public interest lies. *See id.* at PageID.1540. In other words, Defendants offer no weight to this factor.

Even so, Defendants' likelihood of success on the merits depends on the Sixth Circuit going where it has never gone before. As Plaintiffs note, "the Court of Appeals will not have appellate jurisdiction over all of the issues Defendants are purporting to appeal," and "there is no plausible outcome in the Court of Appeals that would alter the course of the trial proceedings in this Court." ECF No. 64 at PageID.1545.

The only directly appealable issue seems to be the injunctive and declaratory relief because the only other issue (immunity) would have to satisfy the extremely "narrow" collateral-review doctrine, meaning success is much less than likely. And that claim must be premised on an issue of law. *See Hart v. Hillsdale Cnty.*, 973 F.3d 627, 635 (6th Cir. 2020) ("A denial of a claim of qualified immunity is immediately appealable only if the appeal is premised not on a factual dispute, but rather on neat 'abstract issues of law." (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008))).

The three factual issues Defendants note are inconsequential to the order's disposition. First, Defendants assert that Krystof Murawski, the former owner of Plaintiff's lot, replaced the culvert "in approximately 2003 or 2004." ECF No. 63-1 at PageID.1537 n.1 (citations omitted). But that would not affect the finding that "*Defendants* did not effectuate the culvert's purpose for 21 years." *See Miner v. Ogemaw Cnty. Rd. Comm'n*, No. 1:21-CV-11192, 2022 WL 4017281, at *5 (E.D. Mich. Sept. 2, 2022) (emphasis added). Second, Defendants assert "Robert Reid does not own the land located at the north terminus of the culvert at issue." ECF No. 63-1 at PageID.1538 n.1 (citations omitted). But that is inconsequential because the order "presume[d] that Ogemaw had a prescriptive easement." *Miner*, 2022 WL 4017281, at *4. Finally, Defendants assert "Plaintiff dramatically landscaped and reshaped his land to eliminate longstanding and natural water retention areas." ECF No. 63-1 at PageID.1538 n.1. But that is an issue for damages, not liability, which have not yet been calculated.

So Defendants' appeal would not be premised on a factual dispute—only on their legal dispute with respect to whether Defendant Reinke is entitled to governmental immunity under Michigan law as the Ogemaw County Drain Commissioner. *See Miner*, 2022 WL 4017281, at *13 ("Reinke is not entitled to absolute immunity as a matter of law under Michigan Compiled Laws § 691.1407(5).").

But that claim has no merit. First, no court in Michigan has analyzed whether a drain commission is a qualifying "level of government" under Michigan Compiled Laws § 691.1407(5). On the contrary, with *one* exception, every available order from a state or federal court in Michigan that has addressed the issue has treated the county drain commissioner as a "lower-level government employee" under Michigan Compiled Laws § 691.1407(2). *E.g.*, *Dudley v. St. Clair Cnty. Off. of Drain Comm'r*, No. 317202, 2015 WL 966218, at *8 (Mich. Ct. App. Mar. 5, 2015)

(per curiam) (unpublished) (holding that St. Clair County Drain Commissioner was a lower-level government employee entitled to governmental immunity under MCL § 691.1407(2)); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 852–53 (E.D. Mich. 2019) (holding that the Genesee County Drain Commissioner is a "lower-level government employee" under MCL § 691.1407(2)—not "the elective or highest appointive executive official of [a] level[] of government" under MCL § 691.1407(5)), *aff'd and remanded*, 960 F.3d 303 (6th Cir. 2020); *O'Brien v. Twp. of New Buffalo*, No. 1:01-CV-365 RAE, 2003 WL 25426577, at *26 n.37 (W.D. Mich. July 21, 2003), *aff'd on other grounds*, 127 F. App'x 192 (6th Cir. 2005) (unpublished) ("The Court also notes, though it has ruled on the merits, it believes Defendants to be entitled to qualified immunity from tort liability under [MCL § 691.1407(2)]."). *But see Hartzler Excavating, LLC v. Quattrin*, No. 351425, 2021 WL 219574, at *2 n.6 (Mich. Ct. App. Jan. 21, 2021) (per curiam) (unpublished) ("Because the parties agree on this point, *we accept without deciding* that the Berrien County Drain Commissioner is an elective executive official of a level of government qualifying for absolute governmental immunity under MCL 691.1407(5) for acts carried out within the scope of his authority." (emphasis added)). And Defendant Reinke never argued for governmental immunity under § 691.1407(2).

In sum, there is no case directly on point, and the weight of the authority disfavors Defendants' argument. Defendants' only possibility of prevailing is if the Sixth Circuit extratextually expands Michigan law where it does not yet reach.

"Given that [Plaintiffs are] unlikely to succeed on the merits," this Court "need not consider the remaining stay factors." *Tiger Lily, LLC v. U.S. Dep't of Hous. & Urb. Dev.*, 992 F.3d 518, 524 (6th Cir. 2021). Yet it will.

**B.**

Second, Defendants assert they "are likely to be irreparably harmed absent a stay." ECF No. 63-1 at PageID.1538–39 (emphasis omitted). True, "Plaintiff is entitled to money damages for any harm to his property that the trespassing culvert proximately caused from June 8, 2020 to April 15, 2021." *Miner v. Ogemaw Cnty. Rd. Comm'n*, No. 1:21-CV-11192, 2022 WL 4017281, at *7 (E.D. Mich. Sept. 2, 2022) (citing *Kuhnle Bros. v. Cnty. of Geauga*, 103 F.3d 516, 522-23 (6th Cir. 1997)).

But far from millions of "tax dollars," *see, e.g.*, *MRP Props. v. United States*, No. 1:17-CV-11174, 2022 WL 476071, at *4 (E.D. Mich. Feb. 16, 2022), this case merely involves a drain culvert under a small strip of an underwhelmingly low-use road in Northern Michigan that only seems to benefit one private citizen or another. So any financial liability will be relatively nigh. And if the Court of Appeals reverses that portion of the case, a refund would be quite simple.

So this second factor weighs against a stay.

**C.**

Third, Defendants argue "Plaintiff will suffer no harm as a result of the stay." ECF No. 63-1 at PageID.1539–40 (emphasis omitted).

But that claim is doubly incorrect. As Defendants acknowledge, "Plaintiff is already under a court order prohibiting him from modifying or plugging the culvert at issue through at least April 20, 2023." *Id.* at PageID.1540 (citation omitted). At issue here are Plaintiff's constitutional rights, which a judgment declares Defendants violated. *Miner*, 2022 WL 4017281, at *14. "When constitutional rights are threatened or impaired, irreparable injury is presumed." *Reed v. Presque Isle Cnty.*, 594 F. Supp. 3d 884, 888 (E.D. Mich. 2022) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). And an injunction was issued, in part, to protect Plaintiff's

constitutional rights. *See Miner*, 2022 WL 4017281, at *14. "The 'denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights.'" *Reed*, 594 F. Supp. 3d at 888 (quoting *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)). Notably, this Court's permanent injunction prevents Defendants from touching the same culvert that their court order prevents Plaintiff from touching. Therefore, the third factor heavily weighs against a stay.

### D.

Finally, Defendants assert "[t]he public interest weighs in favor of granting a stay." ECF No. 63-1 at PageID.1540–41 (emphasis omitted).

But there is no public interest at stake here. As explained above, far from millions of "tax dollars," *see, e.g.*, *MRP Props. v. United States*, No. 1:17-CV-11174, 2022 WL 476071, at *4 (E.D. Mich. Feb. 16, 2022), this case merely involves a drain culvert under a small strip of an underwhelmingly low-use road in Northern Michigan that only seems to benefit one private citizen or another. So any financial liability will be relatively nigh. True, "there is also evidence of a public use" for the culvert. *Miner*, 2022 WL 4017281, at *10. But the record irrefutably demonstrates that "Defendants did not effectuate the culvert's purpose for 21 years," *id.* at *5. Plus discovery has already been completed. And, as explained above, the only potential issue is irrelevant to the constitutional claims. Unwinding the trespass claim would be simple if the Sixth Circuit so demands it. For these reasons, the fourth factor also weighs against a stay.

Because the factors score 0–4–0 against a stay, Defendants' Motion will be denied.

### III.

Accordingly, it is **ORDERED** that Defendants' Motion to Stay Pending Appeal, ECF No. 63, is **DENIED**.

- 8 -

**This is not a final order and does not close the case**.

Dated: December 22, 2022                              s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge